IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JO WANDA STRICKLAND LUCAS, | * | |
| Appellant, | * | |
| v. | * | |
| REBECCA A. HERR, | * | CIVIL NO. JKB-22-00190 |
| Appellee. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Debtor-Appellant Jo Wanda Strickland-Lucas filed a Notice of Appeal on January 26, 2022. She appeals the Bankruptcy Court's Order Dismissing Case for Failure to Pay All Required Court Fees or Charges and Order of Fee Due. (*See* ECF No. 1.)

Under Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 8009(a), "[t]he appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within 14 days of filing the notice of appeal. Appellant has not made such filing and it is well past the 14-day deadline. The Court therefore received the transmittal of record on appeal on March 2, 2022 from the Clerk. (*See* ECF No. 6 at 1 (providing the "Transmittal of Record on Appeal" and noting that the "Appellant designation was not filed")); *see also* Local Rule 404.2 ("Whenever the appellant fails to designate the contents of the record on appeal or to file a statement of the issues to be presented on appeal within the time required by Bankruptcy Rule 8009, the Bankruptcy Clerk shall transmit forthwith to the Clerk of the District Court a partial record consisting of a copy of the order or judgment appealed from, the notice of appeal, a copy of the docket entries, and such other

1

documents as the Bankruptcy Clerk deems relevant to the appeal."). Further, Bankruptcy Rule 8018(a)(1) requires an appellant to "serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." Therefore, taking the March 2, 2022 date that the Clerk provided the Court with the record, Appellant was required to file her brief by April 1, 2022. She did not do so.

Pursuant to Local Rule 404.2, the Court may, "upon its own initiative, dismiss the appeal for non-compliance with Bankruptcy Rule 8009 after giving the appellant an opportunity to explain the non-compliance and upon considering whether the noncompliance had prejudicial effect on the other parties." Similarly, pursuant to Local Rule 404.3, the Court may dismiss an appeal on its own initiative for failure to comply with Federal Rule of Bankruptcy Procedure 8018. In accordance with these Rules, the Court will provide Appellant with an opportunity to file her brief and explain her noncompliance with the relevant deadlines. Should Appellant fail to do so by the deadline set in this Order, her appeal may be dismissed without further warning from the Court.

Accordingly, it is ORDERED that

1. Appellant SHALL FILE HER BRIEF and EXPLAIN HER NONCOMPLIANCE by April 22, 2022. Appellant is warned that a failure to file her brief by April 22, 2022 WILL LIKELY RESULT IN DISMISSAL OF HER APPEAL.

2. The Clerk is DIRECTED to mail a copy of this Memorandum and Order to Appellant.

DATED this __5__ day of April, 2022.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
Chief Judge