IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JO WANDA STRICKLAND-LUCAS, | * | |
| Appellant, | * | |
| v. | * | |
| | | CIVIL NO. JKB-22-00190 |
| REBECCA A. HERR, | * | |
| Appellee. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Debtor-Appellant Jo Wanda Strickland-Lucas filed a Notice of Appeal on January 26, 2022. She appeals the Bankruptcy Court's Order Dismissing Case for Failure to Pay All Required Court Fees or Charges and Order of Fee Due. (*See* ECF No. 1.) For the following reasons, the Court will dismiss Strickland-Lucas' appeal.

### I. *Factual and Procedural History*

Strickland-Lucas filed a voluntary Chapter 13 bankruptcy petition on November 3, 2021. *In Re Stickland-Lucas*, Bk. No. DER-21-16973 (hereinafter "Bk. Case"), ECF No. 1 (Bankr. D. Md. Nov. 3, 2021). The next day, she also filed an application to pay the filing fee in installments. Bk. Case, ECF No. 7 (Nov. 4, 2021). The Bankruptcy Court granted the application, and Strickland-Lucas was directed to pay her filing fee in four installments. Bk. Case, ECF No. 9 (Nov. 5, 2021). Strickland-Lucas was warned that a failure to pay the filing fee could result in the dismissal of her case. *Id.* Strickland-Lucas was also warned that a failure to file certain missing documents could result in the dismissal of her case. Bk. Case, ECF No. 8 (Nov. 5, 2021). She filed a Motion for Extension of Time to File Missing Documents on November 17, 2021. Bk.

1

Case, ECF No. 19 (Nov. 17, 2021). The Motion was granted, and Strickland-Lucas was again warned that the failure to file certain documents could result in the dismissal of her case. Bk. Case, ECF No. 21 (Nov. 18, 2021).

On November 30, 2021, Strickland-Lucas was ordered to show cause within 14 days why the case should not be dismissed for failure to pay the first installment of her filing fee, which had been due on November 19, 2021. Bk. Case, ECF No. 24 (Nov. 30, 2021). The Bankruptcy Court again warned Strickland-Lucas that a failure to show cause or to pay the fee could result in dismissal of the case. *Id.* On December 3, 2021, Strickland-Lucas filed a Motion for Extension of Time to File Missing Documents and to Pay First Installment Fee, requesting an extension until December 13, 2021. Bk. Case, ECF No. 26 (Dec. 3, 2021). The Bankruptcy Court granted the Motion, once again warning Strickland-Lucas that it could dismiss the case if she did not comply with the deadlines. Bk. Case, ECF No. 27 (Dec. 9, 2021).

On December 13, 2021, Strickland-Lucas filed yet another motion seeking an extension of time. Bk. Case, ECF No. 29 (Dec. 13, 2021). In that motion, she explained that she was unable to file the documents or pay the filing fee due to a "personal crisis" and that such "crisis should be resolved and the missing documents completed within the next two weeks." *Id.* She also explained that she "will be able to pay the past due and next installment payments to bring the fees up to date [by] January 1, 2022." *Id.* The Bankruptcy Court denied this motion on January 6, 2022. Bk. Case, ECF No. 32 (Jan. 6, 2022). The Bankruptcy Court thereafter dismissed the case for failure to pay required court fees and issued a Notice of Fee Due. Bk. Case, ECF No. 34 (Jan. 11, 2022).

On January 25, 2022, Strickland-Lucas filed both a Motion to Reconsider in the Bankruptcy Court and a Notice of Appeal to this Court. Bk. Case, ECF No. 41 (Jan. 25, 2022); Bk. Case, ECF No. 42 (Jan. 25, 2022). On January 27, 2022, the Bankruptcy Court set in a hearing

for February 24, 2022 on the Motion to Reconsider. Bk. Case, ECF No. 47 (Jan. 27, 2022). The Bankruptcy Trustee opposed the Motion to Reconsider, explaining that Strickland-Lucas had "evidenced no intention to proceed with a proper bankruptcy organization," and pointing to her failure to file required documents and her multiple previously dismissed bankruptcies.[1] Bk. Case, ECF No. 50 (Feb. 7, 2022). The day of the hearing, Strickland-Lucas did not appear and instead filed an Emergency Withdrawal of Motion to Reconsider. Bk. Case, ECF No. 52 (Feb. 24, 2022).

After filing her appeal to this Court, Strickland-Lucas did not file a designation of the items to be included in the record on appeal or a statement of the issues to be presented, as required by Rule 8009 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). As a result, the Bankruptcy Clerk transmitted the record on appeal to this Court on March 2, 2022 pursuant to Local Rule 404.2. (*See* ECF No. 6 at 1 (providing the "Transmittal of Record on Appeal" and noting that the "Appellant designation was not filed")); *see also* Local Rule 404.2 ("Whenever the appellant fails to designate the contents of the record on appeal or to file a statement of the issues to be presented on appeal within the time required by Bankruptcy Rule 8009, the Bankruptcy Clerk shall transmit forthwith to the Clerk of the District Court a partial record consisting of a copy of the order or judgment appealed from, the notice of appeal, a copy of the docket entries, and such other documents as the Bankruptcy Clerk deems relevant to the appeal."). Further, Bankruptcy

---

[1] The Court notes that several of these prior bankruptcies were dismissed for Strickland-Lucas' failure to complete required filings. *See In re Jowanda Strickland-Lucas*, DER-15-23811, ECF No. 16 (Bankr. D. Md. Dec. 1, 2015) (dismissing case for failure to complete required filings after several admonishments to make such filings); *In re Jo Wanda Strickland-Lucas*, DER-16-11067, ECF No. 22 (Bankr. D. Md. Mar. 16, 2016) (same); *In re Jo Wanda Strickland Lucas*, DER-18-11287, ECF No. 127 (Bankr. D. Md. Oct. 24, 2018) (same). Another was dismissed for Strickland-Lucas' material default with respect to her confirmed plan when she failed to make plan payments. *In re Jo Wanda Strickland-Lucas*, DER-18-25779, ECF No. 72 (Bankr. D. Md. July 17, 2019). And another was dismissed after the Bankruptcy Court denied the confirmation plan without leave to amend. *In re Jo Wanda Strickland-Lucas*, DER-19-20100, ECF No. 122 (Bankr. D. Md. Oct. 19, 2020). Further, Strickland-Lucas has failed to pursue appeals, which has resulted in their dismissal, on at least two occasions. *Strickland-Lucas v. Citibank N.A.*, GLR-20-00718, ECF No. 4 (D. Md. Aug. 17, 2020) (order dismissing bankruptcy case for failing to designate a record); *Strickland-Lucas v. Citibank N.A.*, GLR-19-03649, ECF No. 8 (D. Md. July 14, 2020) (order dismissing bankruptcy case for failing to designate a record and file a brief).

Rule 8018(a)(1) requires an appellant to "serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." Therefore, taking the March 2, 2022 date that the Clerk provided the Court with the record, Appellant was required to file her brief by April 1, 2022. She did not do so and, on April 5, 2022, this Court ordered that Strickland-Lucas file her brief and explain her noncompliance by April 22, 2022 and forewarned her that a failure to do so would likely result in dismissal of her appeal. (ECF No. 7 at 2.) To date, Strickland-Lucas has not responded to the Court's Order.

## II.  *Analysis*

The Bankruptcy Rules explain that if an appellant fails "to take any step other than the timely filing of a notice of appeal," a district court hearing the appeal has the authority to "act as it considers appropriate," such as by "dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2). Local Rules 404.2 and 404.3 provide that this Court may dismiss a bankruptcy appeal for non-compliance with Bankruptcy Rules 8009 and 8018 upon its own motion "after giving the appellant an opportunity to explain the non-compliance and upon considering whether the noncompliance had prejudicial effect on the other parties." Before dismissing an appeal pursuant to Bankruptcy Rule 8003(a)(2),

> [T]he district court must take one of the four steps outlined in *In re Serra Builders, Inc.*, 970 F.2d 1309 (4th Cir.1992). Specifically, the court must: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives," keeping in mind that dismissal is a "harsh sanction which the district court must not impose lightly." *Id.* at 1311. Proper application of the *Serra Builders* test requires the court to consider and balance all relevant factors. *In re SPR Corp.*, 45 F.3d 70, 74 (4th Cir. 1995).

*In re Broadnax*, 122 F. App'x 81, 82 (4th Cir. 2005). The Court finds that all of these factors weigh in favor of dismissal.

4

With respect to the first step, the Court finds that Strickland-Lucas has acted at a minimum negligently. Strickland-Lucas has not explained her continued failure to comply with procedural requirements, not just with respect to this appeal, but also with respect to her case more generally before the Bankruptcy Court. As noted above, she also appears to have a history of filing appeals and failing to prosecute them, further bolstering this finding. *See Boateng v. Deutsche Bank, N.A.*, Civ. No. PJM 19-1130, 2019 WL 3254518, at *2 (D. Md. July 18, 2019) (dismissing an appeal where "[appellant] continues her pattern of noncompliance with the Rules in the present appeal, providing no reason for her delay in attempting to designate the record, and neither seeking leave from the Court for an extension of time, nor contacting the Court by any method to explain her untimeliness."). The second step has clearly been satisfied, as this Court advised Strickland-Lucas of her duty to designate a record and to file a brief and forewarned her that a failure to file her brief and explain her non-compliance could result in the dismissal of her appeal. (*See* ECF No. 7.) The third step likewise weighs in favor of dismissal, as the Court finds that Strickland-Lucas' failure to prosecute this appeal burdens this Court's docket and is prejudicial to the prompt administration of justice. Finally, the Court is persuaded here that there is no available alternative remedy. This case represents a complete failure by Strickland-Lucas—without explanation—to pursue this appeal. As indicated by the record before the Bankruptcy Court and now the record before this Court, she has failed to comply with deadlines on multiple occasions, and also has a history of doing so in prior bankruptcy cases and appeals. The Court therefore does not believe that an alternative remedy would be appropriate. *See Lewis v. U.S. Tr.*, Civ. No. GJH-16-2440, 2017 WL 772407, at *2 (D. Md. Feb. 27, 2017) (citations omitted) ("Although the Court recognizes that dismissal of a bankruptcy appeal for a procedural error is a harsh remedy that should not be

5

imposed lightly . . . anything less would be futile given that Appellant has failed to pursue this appeal in a timely manner.").

### III. Conclusion

Accordingly, it is ORDERED that:

1. Strickland-Lucas' bankruptcy appeal is DISMISSED.

2. The Clerk SHALL CLOSE this case.

3. The Clerk SHALL MAIL a copy of this Order to Strickland-Lucas.

DATED this 26 day of April, 2022.

BY THE COURT:

James K. Bredar
Chief Judge